IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 95-10041 & 95-10238
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BENITA ALCALA,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-043-R
- - - - - - - - - -

May 21, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Benita Alcala argues that principles of double jeopardy bar her prosecution because she has forfeited $71,000 in cash plus jewelry appraised at $38,259. Alcala's forfeiture of $71,000 was pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds of drug sales or funds traceable to such proceeds and, thus, was not "punishment" implicating principles of double jeopardy. 21 U.S.C. § 881(a)(6); United States v.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Tilley, 18 F.3d 295, 297 n.1 (5th Cir.), cert. denied, 115 S.Ct. 573, 574 (1994).  The court declines to consider Alcala's argument concerning the alleged forfeiture of jewelry because she has not supported her claim with documentation or information as to the nature of the alleged forfeiture.  Alcala's conclusional statements that her prosecution is in violation of the Eighth Amendment are insufficient to preserve this issue for appellate review.  Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(6).

AFFIRMED.